**SOUTHERN R. CO. v. WATTS, Commissioner of Revenue, et al.**
(and four other cases).

(District Court, E. D. North Carolina. March 18, 1923.)

No. 437.

Taxation ⟨⚭⟩611(9)—Bills and affidavits held not to warrant interlocutory injunction to restrain enforcement of certain taxes.

> Bills in equity by railroad companies to restrain the assessment and collection of the income tax provided by Const. N. C. art. 5, § 3, as amended, and statutes enacted pursuant thereto, and the collection and enforcement of certain franchise or privilege taxes as unconstitutional, and affidavits on motion for interlocutory injunction, *held* not to warrant interlocutory injunctions.

In Equity. Bills for injunction by the Southern Railroad Company, by the Atlantic & Yadkin Railway Company, by the Atlantic Coast Line Railway Company, by the Seaboard Air Line Railway Company, and by the Norfolk Southern Railroad Company against A. D. Watts, individually and as Commissioner of Revenue, and others, to restrain

⟨⚭⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the collection and enforcement of taxes. Heard together by consent. Motions for interlocutory injunctions denied, and stay granted pending appeal.

S. R. Prince, of Washington, D. C., and Manly, Hendren & Womble, of Winston-Salem, N. C., for Southern R. Co. and Atlantic & Y. Ry. Co.

Thos. W. Davis, of Wilmington, N. C., Harry Skinner, of Greenville, N. C., and P. A. Willcox, of Florence, S. C., for Atlantic Coast Line R. Co.

Murray Allen, of Raleigh, N. C., and Jas. F. Wright, of Norfolk, Va., for Seaboard Air Line R. Co.

Wm. B. Rodman, of Norfolk, Va., and John M. Robinson, of Charlotte, N. C., for Norfolk Southern R. Co.

Jas. S. Manning, Atty. Gen., W. P. Bynum and S. S. Alderman, both of Greensboro, N. C., Geo. H. Brown, of Washington, N. C., Thos. D. Warren, of New Bern, N. C., and Locke Craig, of Asheville, N. C., for defendants.

Before WADDILL, Circuit Judge, and BOYD and CONNOR, District Judges.

PER CURIAM. Bills were filed in equity by the above-named companies, to wit, the Southern Railroad Company and the Atlantic & Yadkin Railway Company in the United States District Court for the Western District of North Carolina, and the Atlantic Coast Line Railway Company and the Norfolk Southern Railroad Company in the Eastern District of North Carolina, against the defendants A. D. Watts and A. D. Watts, as commissioner of revenue, Baxter Durham, auditor, Benjamin R. Lacy, treasurer, and James S. Manning, Attorney General of North Carolina, in which, for the causes therein set forth, they and each of them prayed for an interlocutory injunction restraining and enjoining said defendants, in their individual and official capacity, from proceeding with the collection and the enforcement of payment against complainants of certain taxes assessed or about to be assessed, against complainants and their property, until the final hearing of said causes, for that, among other things alleged in the bills, the statutes of the state of North Carolina under and pursuant to which said taxes were assessed and sought to be enforced, were unconstitutional and void.

Pursuant to the provisions of section 266 of the Judicial Code (Comp. St. § 1243), James E. Boyd, Judge of the Western District, called to his assistance in hearing said motions for the interlocutory injunction in said causes, brought in the Western district, Edmund Waddill, Jr., Circuit Judge of the Fourth Circuit, and H. G. Connor, Judge of the District Court of the Eastern District of North Carolina, and H. G. Connor, Judge of the Eastern District, called to his assistance in hearing said motions, brought in the Eastern district, Edmund Waddill, Jr., Circuit Judge of the Fourth Circuit, and James E. Boyd, Judge of the District Court of the Western District of North Carolina.

As required by the provisions of the statute, the said District Judges,

in the causes pending in said district, made orders in which they directed the defendants to show cause, at a time and place therein named, why the interlocutory injunctions should not be granted as prayed for. The motions in said causes were by consent of complainants and defendants, by their attorneys, heard together, at Greensboro, N. C., on January 24, 1922, when and where said judges being present, said motions were heard upon the bills, answers, affidavits, exhibits, and argument of counsel for all parties in said causes.

The further consideration of the motions was by consent of the counsel, and order of the court, continued to Raleigh, N. C., on March 16, 1922, when and where said judges, being present, proceeded to consider said motions upon the pleadings, affidavits, exhibits, and briefs filed by counsel. It appears from the bills and answers that the said motions, and prayer for final relief of complainants, are based upon the following allegations and contentions:

(1) That the property of complainants was not assessed in the same manner and by the same method as the property of the individual citizens of the state, and that the manner and methods by which complainants' property is appraised and assessed for taxation operate as an unjust and unlawful discrimination against complainants, in violation of the provisions of the Fourteenth Amendment to the Constitution of the United States, and that thereby complainants are deprived of their property without due process of law.

(2) That the appraisal and assessment for taxation of the property of complainants are not made in accordance with the provisions of the Constitution and statutes of the state of North Carolina, and that said appraisal and assessment of taxes thereon are invalid.

(3) That the appraisal of the value of complainants' property is in excess of its true value for the purpose of taxation, as provided by the Constitution of North Carolina, and is therefore invalid.

(4) That the uniformity clause of the Constitution of North Carolina (Article 5, § 3) and the Fourteenth Amendment to the Constitution of the United States, in the appraisal and assessment of complainants' property, are violated, in that complainants' property is alleged by the state to be assessed at its true value for taxation, and the property of other taxpayers in the state is appraised and assessed for taxation at less than its true value.

That the franchise or privilege tax imposed upon complainants is invalid, for that:

(1) The ad valorem assessment is in excess of its true value for taxation, and that the franchise or privilege tax based thereon, in accordance with the statutes of the state, violates the Constitution of the United States and the state of North Carolina.

(2) The franchise or privilege tax is, in truth and fact, an ad valorem tax and invalid because not imposed upon the property of other citizens of the state.

(3) That the statute of North Carolina under and pursuant to which the franchise or privilege tax is imposed and sought to be enforced imposes a tax upon the privilege of doing business by complainants, both interstate and intrastate, and is therefore a burden upon interstate

commerce, and thereby violates the commerce clause of the Constitution of the United States.

(4) That, if the franchise or privilege tax imposed upon complainants be valid, the method of ascertaining the value of complainants' property as a basis for fixing the amount of said franchise or privilege tax includes property of complainants used as well in interstate as intrastate commerce, and violates the commerce clause of the Constitution of the United States.

The court, after consideration of the bills, exhibits, affidavits, and argument of counsel, is of the opinion that, for the purpose of this motion only, complainants have neither in their pleadings nor upon the proofs adduced made such a case as entitled them to have an interlocutory injunction in said causes as prayed for and the motions for such interlocutory injunctions in respect to the ad valorem and the franchise and privilege tax should not be granted, and said motions and each of them are denied.

The court is of the opinion that the contentions sought to be made by complainants in regard to the imposition and enforcement of the income tax against complainants, as provided by the Constitution of North Carolina, article 5, section 3, as amended, and the statutes enacted by the Legislature pursuant thereto and for the enforcement thereof are not presented upon the bills and proofs herein.

The court, therefore, does not pass upon, or express any opinion in respect to, the validity of the income tax, or the statutes enacted for its enforcement. Complainants may, in respect to such income tax, proceed without prejudice in such manner as they may be advised.

Let this opinion and a copy thereof, be filed, and an order drawn and signed to be filed in the record in each of said causes in accordance therewith. The further proceedings in said causes, in the courts of the district in which they are pending, will be had as provided by the Judicial Code and the course and practice of said courts. The costs of the motions will abide the final decrees in said causes.

Note.—Plaintiffs, having perfected their appeal, moved the court to enjoin the defendants from proceeding to enforce the payment of the taxes assessed against plaintiffs pending the hearing and determination of the appeal. The court denied this motion, for that the cases had been, by the appeal, removed into the Supreme Court, and it was without power to make further orders therein.

Upon motion by plaintiff, in the Supreme Court, for an injunction or stay, the court, by a per curiam order declined to make the order, for that it was within the power of the District Court to make such order, and therefore that court, the three judges sitting, granted the motion staying the defendants from proceeding to enforce the payment of the taxes assessed against the plaintiff, pending the hearing and determination of the appeal.